THE SOUTHERN KANSAS RAILWAY COMPANY v. H. F. SCHMIDT.

RAILROAD — *Killing Stock* — *Highway Crossing* — *Verdict, Not Disturbed.* In an action against a railroad company for damages to stock injured at a public crossing, by reason of the failure to sound the whistle eighty rods from the crossing, and the further reason that the speed of the train was not slackened, and there is some evidence to show that the signal was not given, and that the train did not slow up, and the injury might have been prevented if the signal for the crossing had been given, or the train slackened, the verdict of a jury, otherwise supported by evidence, will not be disturbed.

*Error from Allen District Court.*

ACTION to recover damages for killing cattle. Judgment for plaintiff *Schmidt*, at the November term, 1887, for $50 damages. The defendant *Railway Company* comes to this court. The material facts appear in the opinion.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*G. A. Amos,* for defendant in error.

Opinion by GREEN, C.: This suit was commenced before a justice of the peace in Allen county, and appealed to the district court. Plaintiff's bill of particulars alleged in substance that: On April 26, 1886, the plaintiff's agent was moving a lot of cattle, fifty-three in number, along the public highway, and in doing so it was necessary to cross the track

of the railroad company. When the cattle got to the track, a freight train, which was an hour late, came along and ran into the cattle, crippling two so that they had to be killed; that the engineer could plainly see them; that the whistle was not blown eighty rods from the public highway; that if the whistle had been sounded plaintiff's agent would have been able to prevent the cattle from being on the track; that there were hedge fences on either side of the railroad, which prevented plaintiff's agent from seeing the train. Plaintiff's agent did not hear the train, as the whistle was not blown until it was within 100 yards of the crossing; and the negligence of the defendant consisted in not sounding the whistle as required by law, and in not checking the speed of the train after the engineer saw the cattle. He asked for damages in the sum of $50.

The evidence of the plaintiff showed that he was taking his herd of about fifty-three head of cattle to a pasture some four miles north of where he lived; the herd was in charge of his hired man, and the plaintiff went ahead about half a mile; as he crossed the railroad track where the accident occurred, he looked up and down the railroad and saw no train or smoke; he could see one and one-half miles south from where the road crossed the track; the regular time for the train to pass this point going north was about two o'clock P. M.; on the day the cattle were injured, it passed this crossing after three o'clock; at the time the train crossed the road where the cattle were injured, the plaintiff was about one-half mile northeast of the crossing; as the train was running north approaching the crossing, the danger signal for cattle was heard thirty or forty rods from the crossing, and was heard again very near, or upon the crossing; there was a hedge fence on each side of the railroad, which rendered it difficult for the engineer to see very far on each side of the track; the train was running at the speed of from fifteen to twenty miles an hour; the engineer could not have stopped the train in time to prevent the injury after the second whistle; the cattle were struck and injured, so that it was necessary to kill one cow of

the value of $30, and one heifer worth $20. The train was going up grade at this particular point, and there was no evidence to indicate that the engineer slacked the speed of the train after giving the first cattle alarm, and the only slowing-up was occasioned by the train going up-grade. There was some evidence showing that the signal was not given at the whistling-post. When the man in charge of the cattle first heard the train, he rode up to the crossing to do what he could to get the cattle off the track.

A demurrer was interposed to the evidence of the plaintiff below, and was overruled. The company offered no evidence in the court below. The jury returned a verdict for the plaintiff for $50. The motion of the defendant below for a new trial was overruled, and judgment rendered for the plaintiff for the amount of the verdict.

The plaintiff in error complains that the alleged negligence to sound the whistle eighty rods from the public crossing was not the cause of the accident, and therefore the company is not liable; that the failure to sound the whistle must have been the proximate cause of the injury, and that the defendant below could only be liable for damages sustained by reason of such neglect. No complaint is made of the instructions of the court.

We have examined the evidence in this case very carefully, and are not prepared to say that the injury was not caused by reason of the failure to sound the whistle. We cannot say positively what the result would have been, under all the circumstances of the case, if the whistle had been sounded where the law requires it to be done. It might have given sufficient time to move the cattle over the railroad track. A part of the herd had already crossed; and it would hardly have been prudent to attempt to drive the cattle back and separate the herd. The facts as presented to us in the record would seem to indicate that it was a part of wisdom for the man in charge to use his best efforts to get the cattle over the crossing as speedily as possible, rather than to attempt to turn them back; and if the proper warning had been given

when the train was eighty rods from this crossing, he might have had sufficient time, by hurrying up the herd, to get them over. We think there was some evidence upon which to base a finding.

Again, the evidence indicates that the speed of the train was not slackened, save the natural slowing-up of the train as it went up-grade. It may be that the jury based the verdict upon this ground of negligence. We cannot say.

We do not feel disposed, under the evidence as it appears to us, to disturb the verdict of the jury in the court below, and therefore recommend that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.